NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROMA PIZZERIA,<br>on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HARBORTOUCH f/k/a UNITED BANK CARD,<br><br>Defendant. | Civil Action No. 13-cv-0058 (JAP)<br><br>**OPINION** |

Plaintiff Roma Pizzeria ("Plaintiff") initially filed this case against Defendant Harbortouch f/k/a United Bank Card ("Defendant") in the Superior Court of New Jersey, Hunterdon County, because the Agreement between the parties contained a Forum Selection Clause giving courts in Hunterdon County exclusive jurisdiction over all cases related to the Agreement. Subsequently, Defendant removed the case to this Court based on the Class Action Fairness Act of 2005 ("CAFA"). Plaintiff now seeks to remand the case to Hunterdon County because of the Forum Selection Clause. Defendant, however, cites a superseding Agreement between the parties, which changed the forum to Douglas County, Nebraska. Thus, presently before this Court are Plaintiff's Motion to Remand the case to Hunterdon County [docket # 11] and Defendant's Motion to Dismiss the case [docket # 12]. The issue before the Court is whether it has jurisdiction over this case. The Court reaches its decision without oral argument. *See* Fed R. Civ. P. 78. For the reasons below, the Court grants Plaintiff's Motion to Remand and as a result, does not reach Defendant's Motion to Dismiss.

## I. BACKGROUND

Defendant, a Pennsylvania corporation, is a "leading national supplier" of point of sale ("POS") systems, which are "used by merchants . . . to facilitate payment transactions at the POS." Compl. ¶ 3. These systems typically include a computer, software, monitor, cash drawer, receipt printer, customer display, barcode scanner, and a debit/credit card reader. *Id.* Defendant handles the "merchant accounts for over 110,000 business locations and processes merchant transactions in excess of $9 billion annually." Compl. ¶ 4. Plaintiff is a sole proprietorship located in Arcadia, California. Compl. ¶ 6.

On each credit card or debit transaction at the POS, Defendant charges merchants a fee for processing the transaction. Compl. ¶ 12. The fee includes an interchange fee, which is a "fee paid between banks for the acceptance of card based transactions with a rate set by the credit card network," plus the additional costs and fees charged by Defendant. *Id.* Thus, merchants receive the amount of the transaction minus the interchange fee and the additional processing costs charged by Defendant. *Id.*

The relationship between Defendant and merchants is governed by a Merchant Application (or "Agreement"). Compl. ¶ 13. The Merchant Application outlines the fees or "basis points" structure that will be assessed for each transaction. Compl. ¶ 14, 15. "Basis points" are the "percentage of a POS transaction which a" merchant agrees to pay "the Defendant for processing each credit and debit card transaction," and one basis point equals 0.01% of the amount of the transaction. Compl. ¶¶ 15-16. Additionally, the Merchant Application contained a Forum Selection Clause, which stated:

> The PARTIES further agree that any and all actions, claims, suits, or proceedings arising out of or relating (directly or indirectly) to

> this AGREEMENT or the Guaranty contained herein and solely between UBC and MERCHANT shall be filed and litigated only in courts located in Hunterdon County, New Jersey, and such courts shall have exclusive jurisdiction over any actions, claims, suits or proceeding arising out of or relating (directly or indirectly) to this AGREEMENT or the Guaranty contained herein.
>
> [docket # 11-2, Ex. A, Addendum to the Merchant Application, Para 30.]

Plaintiff contracted with Defendant to provide credit card and debit processing services in February 2009. Compl. ¶ 1, 6. The parties agreed that Plaintiff would pay the interchange rate plus 25 basis points plus ten cents on each transaction. Compl. ¶ 17. Thus, if a transaction cost $1,000, 25 basis points would be a charge of $2.50. *Id.* Defendant, however, allegedly charged Plaintiff "as high as 98 basis points on some transactions," meaning for a $1,000 transaction, Plaintiff would have to pay $9.80 in basis points. Compl. ¶ 18. In addition, Defendant allegedly charged Plaintiff an annual fee of $79 for the POS processing equipment even though merchants who own their own POS processing equipment, like Plaintiff, are not subject to the annual fee. Compl. ¶¶ 21-22. Moreover, Plaintiff alleges that Defendant improperly charged it for "Gateway Access," which is a fee charged to merchants who use internet accounts to process POS transactions, even though Plaintiff did not conduct business through the internet. Compl. ¶¶ 25-27. Plaintiff alleges that it still receives invoices from Defendant even though it terminated the Agreement between the parties. Compl. ¶ 30.

On November 19, 2012, Plaintiff filed an action in the Superior Court of New Jersey, Hunterdon County and alleged: (1) a violation of the New Jersey Consumer Fraud Act; (2) breach of contract; (3) breach of the duty of good faith and fair dealing; and (4) unjust enrichment. Furthermore, Plaintiff sought that the case be maintained as a class action. Defendant, however, removed the action to this Court on January 3, 2013, because "federal

diversity jurisdiction under 28 U.S.C. § 1332 exists over Plaintiff's claims under" CAFA, 28 U.S.C. §§ 1332(d) & 1453 [docket # 1].

On January 17, 2013, Plaintiff filed the Motion to Remand currently at issue, arguing that the Forum Selection Clause in the parties' Agreement gives courts in Hunterdon County exclusive jurisdiction over any actions related to the contract. Defendant, however, asserts that the Forum Selection Clause was superseded by an amended Agreement, which includes a Nebraska Forum Selection Clause. Defendant contends that on August 9, 2012, it notified merchants that it was modifying the Agreement and posted the changed terms, including the new Forum Selection Clause, on its website; this new Agreement went into effect on September 9, 2012. Defendant asserts that although Plaintiff argues that it terminated its relationship with Defendant in July 2012, Plaintiff did not properly cancel the Agreement and is subject to the new Agreement and Nebraska forum. On January 24, 2013, Defendant filed a Motion to Dismiss, arguing that the suit should be dismissed because Plaintiff sued Defendant in the wrong forum.

## II. DISCUSSION

The "party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *see also Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Cacoilo v. Sherwin-Williams Co.*, 902 F. Supp. 2d 511, 517 (D.N.J. 2012). Removal "statutes are to be strictly construed against removal and all doubts must be resolved in favor of remand." *Cacoilo*, 902 F. Supp. 2d at 516-17; *see also Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005); *Samuel-Bassett*, 357 F.3d at 396.

"If a defendant has removed a case in violation of a forum selection clause, remand is a particularly appropriate and effective remedy for the wrong." *Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.3d 1207, 1216 (3d Cir.), *cert. denied*, 502 U.S. 908 (1991). Thus, "[t]he Third Circuit Court of Appeals has established that a valid forum selection clause constitutes contractual waiver of a defendant's right to remove an action to federal court." *Salibello Consulting Associates, LLC v. Shenfeld*, 2010 WL 5466848, *3 (D.N.J. Dec. 30, 2010), *report and recommendation adopted sub nom. Salibello Consulting Associates LLC v. Shenfeld*, 2011 WL 317757 (D.N.J. Jan. 28, 2011). "Such waivers are usually upheld if they are reasonable and voluntary and if their enforcement is not inconsistent with public policy." *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547 (3d Cir. 2011). "In determining whether parties have contractually waived the right to remove to federal court, a court should 'simply . . . us[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.'" *Id.* at 548; *see also Integrated Health Res., LLC v. Rossi Psychological Grp., P.A.*, 537 F. Supp. 2d 672, 674 (D.N.J. 2008) (stating that forum selection clauses "are generally treated as ordinary contract provisions and are subject to the ordinary rules of contract interpretation"). The Court must "look to the 'plain and ordinary meaning' of the forum selection clause to determine whether it amounted to a waiver of the right to remove." *Merrill Lynch*, 640 F.3d at 547. If the "language of the contract is unambiguous," as here, "the inquiry ends and the court must enforce the contract as written." *Integrated Health Res., LLC*, 537 F. Supp. 2d at 674-75.

Here, the parties waived the right to remove the case to federal court. The Merchant Application's Forum Selection Clause requires all cases to be "filed and litigated only in courts located in Hunterdon County, New Jersey, and such courts shall have exclusive jurisdiction"

over these cases. Thus, the clause specifies the location of the court, Hunterdon County, and states that those courts have exclusive jurisdiction. Since there is no federal court in Hunterdon County, New Jersey, "no federal forum is available to the parties according to the forum selection clause." *Koger, Inc. v. Polak*, 2010 WL 445940, *1 n.7 (D.N.J. Feb. 3, 2010). Moreover, "[b]y agreeing to submit to the 'exclusive jurisdiction' in a particular forum, the parties in this case have manifested their intent to . . . exclude venue in all other jurisdictions." *Piechur v. Redbox Automated Retail, LLC*, 2010 WL 706047, *3 (S.D. Ill. Feb. 24, 2010). As a result, this Court does not have jurisdiction over this action, and the case should be remanded.[1]

Although Defendant argues that the parties' relationship is governed by a superseding Agreement, which contains a Nebraska Forum Selection Clause, this Court does not need to go beyond the question of whether it has jurisdiction. Whichever forum applies to this case — Hunterdon County, New Jersey or Douglas County, Nebraska — is not for this Court to decide since it does not have jurisdiction over the matter.

As a result, this Court finds that the Forum Selection Clause in the Merchant Application constitutes a waiver of removal and grants Plaintiff's Motion to Remand. In light of this decision, the Court will not reach Defendant's Motion to Dismiss.

[1]Although Defendant removed the case based on CAFA and federal courts have subject matter jurisdiction under that statute, a "defendant may waive its right to remove" the case to federal court "regardless of whether a federal court would have subject matter jurisdiction . . . ." *Piechur*, 2010 WL 706047, at *2; *see also Guenther v. Crosscheck Inc.*, 2009 WL 1248107, *5 (N.D. Cal. Apr. 30, 2009) (stating "CAFA does not trump a valid, enforceable and mandatory forum-selection clause").

### III. CONCLUSION

For the foregoing reasons, this Court grants Plaintiff's Motion to Remand [docket # 11] and does not reach Defendant's Motion to Dismiss [docket # 12]. An appropriate Order accompanies this Opinion.

Date: August 5, 2013

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge